UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| SOLOMON SHARBAT AND<br>    SOLOMON CAPITAL, LLC, | : |
| | : |
| Plaintiffs, | : |
| | : |
| -against- | : |
| | : |
| MARCUS S. BUTLER and<br>    MSB GROUP INCORPORATED, | : |
| | : |
| Defendants. | : |
| | : |

Case No. _10 C V 6455_

**COMPLAINT**

**JURY TRIAL DEMANDED**

-------------------------------------------------------------------X

 Plaintiffs, SOLOMON SHARBAT and SOLOMON CAPITAL LLC, as and for their Complaint, respectfully allege:

### JURISDICTION AND VENUE

 1.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy exceeds $75,000.

 2.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims in this lawsuit occurred in the Southern District of New York.

### PARTIES

 3.  Plaintiff SOLOMON SHARBAT ("SHARBAT") is an individual residing in New York State.

 4.  Plaintiff SOLOMON CAPITAL, LLC ("SOLOMON CAPITAL") is a limited liability company formed under the laws of the state of New York.

5.   Plaintiff SOLOMON CAPITAL's principal place of business is New York, New York.

6.   Upon information and belief, defendant MARCUS S. BUTLER ("BUTLER") is an individual residing in the Town of Teaneck, State of New Jersey

7.   Upon information and belief, defendant MSB GROUP INCORPORATED ("MSB GROUP") is a corporation organized under the laws of the state of New Jersey.

8.   Upon information and belief, the principal place of business of Defendant MSB GROUP is Teaneck, New Jersey.

9.   Defendants both actively and regularly solicit business in New York, New York.

10. Defendants both actively solicited the business of Plaintiffs SHARBAT and SOLOMON CAPITAL that is the subject of this Complaint, in New York, New York.

11. Upon information and belief, Defendant BUTLER is the sole owner of Defendant MSB GROUP.

12. In his capacity as owner of Defendant MSB GROUP, Defendant BUTLER solicited Plaintiffs' business in the Southern District of New York, including the business that is the subject of this Complaint.

13. On or about August 25, 2009, Plaintiffs and Defendants entered into an agreement (the "Agreement") for the purchase of shares of stock of SpongeTech Delivery Systems, Inc. ("SpongeTech") and Vanity Events Holding, Inc. ("Vanity") valued at $600,000.00 (the "Shares").

14. As part of the Agreement, Plaintiffs agreed to advance $600,000.00 to Defendants for the purchase of the Shares from a third party.

2

15. In return, Defendants agreed to deliver the Shares to Plaintiffs, warranted that the Shares were worth $600,000.00 and agreed to guarantee that Plaintiffs would receive a minimum of $600,000.00 upon the resale of the Shares. If Plaintiffs received less than $600,000.00 upon the resale of the Shares, Defendants agreed to pay to Plaintiffs an amount necessary to make Plaintiffs whole to the extent of their $600,000.00 investment in the Shares.

16. As a further provision of the Agreement, Plaintiffs and Defendants agreed to share any profits from the resale of the Shares on an even 50/50 basis.

17. Pursuant to the Agreement, Plaintiffs, or their agents, paid Defendants $600,000.00.

18. Plaintiffs received shares of SpongeTech and Vanity stock with a fair market value of approximately $200,000.00. Plaintiffs did not receive the additional $400,000.00 worth of SpongeTech and Vanity stock they had bargained for.

19. Plaintiffs timely demanded payment on Defendants' guarantee to the extent of the $400,000.00 difference between the money Plaintiffs and their agents paid and the additional $200,000.00 worth of SpongeTech and Vanity stock Defendants provided to Plaintiffs.

20. Defendants have not satisfied their guarantee to Plaintiffs, notwithstanding Plaintiffs' timely demand to Defendants that they do so.

21. Upon information and belief, Defendant BUTLER comingled his personal funds with those of Defendant MSB GROUP throughout the period in question.

22. Upon information and belief, Defendant BUTLER utilizes Defendant MSB GROUP as his alter ego to conduct his personal business in the corporate form and used his domination of MSB GROUP to harm Plaintiffs.

3

## AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH
## OF CONTRACT AGAINST BOTH DEFENDANTS

23. Plaintiffs repeat, reiterate and reallege the allegations set forth in paragraphs 1 through 22 of the within Complaint as if set forth fully herein.

24. On or about August 25, 2009, Plaintiffs and Defendants entered into the Agreement.

25. Pursuant to the Agreement, Plaintiffs agreed to advance to Defendants $600,000.00 for Defendants to purchase from a third party $600,000.00 worth of SpongeTech and Vanity stock.

26. Defendants, in turn, agreed to deliver $600,000.00 worth of stock to Plaintiffs.

27. Plaintiffs performed under the Agreement by advancing or causing their agents to advance to Defendants $600,000.00.

28. Defendants delivered $200,000.00 worth of SpongeTech and Vanity stock to Plaintiffs.

29. Plaintiffs demanded that Defendants deliver an additional $400,000.00 worth of SpongeTech and Vanity stock or its cash equivalent, or its cash equivalent, to Plaintiffs.

30. By failing to deliver the additional $400,000.00 worth of SpongeTech and Vanity stock or its cash equivalent, Defendants breached the Agreement.

31. As a result of Defendants' breach of contract, Plaintiffs were injured.

32. By reason of the foregoing, Plaintiffs have been damaged in the amount of at least $400,000.00 and in such further amounts as may be proven at trial.  Plaintiffs therefore pray for damages in the amount of no less than $400,000.00 for the Defendants' breach of contract.

4

## AS AND FOR A SECOND CAUSE OF ACTION FOR
## BREACH OF CONTRACT AGAINST BOTH DEFENDANTS

33. Plaintiffs repeat, reiterate and reallege the allegations set forth in paragraphs 1 through 32 of the within Complaint as if set forth fully herein.

34. Plaintiffs advanced to Defendants $600,000.00 in or about August and September of 2009.

35. On or about August 25, 2009, Defendants agreed in writing, for valuable consideration, and as special inducement to Plaintiffs to pay $600,000.00, to repay the full principal amount of Plaintiffs' $600,000.00 investment in the Shares. A copy of Defendants' written guarantee agreement is attached as Exhibit A.

36. Pursuant to this written guarantee agreement, Defendants guaranteed the return of Plaintiffs' $600,000.00 investment in the Shares.

37. Plaintiffs performed under the written guarantee agreement.

38. Defendants returned, in total, $200,000.00 to Plaintiffs.

39. Plaintiffs demanded that Defendants satisfy their guarantee to Plaintiffs in the amount of $400,000.00.

40. Defendants have not performed their guarantee.

41. Plaintiffs suffered loss in the amount of $400,000.00 as a result of Defendants' refusal to honor their guarantee of Plaintiffs' $600,000.00 investment in the Shares.

42. Plaintiffs seek damages in the amount of $400,000.00 as a result of Defendants' refusal to honor their obligation to satisfy their guarantee of Plaintiffs' $600,000.00 investment in the Shares.

43. Plaintiffs pray for damages in the amount of no less than $400,000.00 for the Defendants' breach of their guarantee agreement.

## AS AND FOR A THIRD CAUSE OF ACTION FOR UNJUST ENRICHMENT AGAINST BOTH DEFENDANTS

44. Plaintiffs repeat, reiterate and reallege the allegations set forth in paragraphs 1 through 43 of the within complaint as if set forth fully herein.

45. Defendants agreed to sell $600,000.00 worth of SpongeTech and Vanity stock to Plaintiffs.

46. Plaintiffs agreed to pay $600,000.00 for the $600,000.00 worth of SpongeTech and Vanity stock.

47. Plaintiffs or their agents gave Defendants $600,000.00 pursuant to the agreement mentioned in paragraphs 45 and 46.

48. Defendants gave Plaintiffs and their agents $200,000.00 worth of SpongeTech and Vanity stock pursuant to the agreement mentioned in paragraphs 45 and 46.

49. Plaintiffs demanded an additional $400,000.00 worth of SpongeTech and Vanity stock.

50. Defendants did not deliver any additional SpongeTech and Vanity stock to Plaintiffs.

51. As a result of these transactions, Defendants were unjustly enriched in the amount of $400,000.00.

52. It would be against equity and good conscience to permit Defendants to keep Plaintiff's $400,000.00 without compensating Plaintiffs.

53. Plaintiffs pray for damages in the amount of no less than $400,000.00 from Defendants as a result of Defendants' having been unjustly enriched as described above.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR
## CONVERSTION AGAINST BOTH DEFENDANTS

54. Plaintiffs repeat, reiterate and reallege the allegations set forth in paragraphs 1 through 53 of the within complaint as if set forth fully herein.

55.  Plaintiffs paid Defendants $600,000.00.

56. Defendants gave Plaintiffs $200,000.00 worth of securities.

57. Defendants never returned the $400,000.00 difference between what Plaintiffs paid them and the value of the property Defendants gave to Plaintiffs.

58. Plaintiffs demanded the return of the $400,000.00 difference between the value of the property Plaintiffs paid to Defendants and the $200,000.00 value of the property Defendants gave to Plaintiffs.

59. Defendants refused to return the $400,000.00 difference between the value of the property Plaintiffs gave Defendants and the value of the property Defendants gave Plaintiffs.

60. Because of the Defendants' wrongful conversion of Plaintiffs' property, Plaintiffs suffered damages in the amount of $400,000.00.

61. Plaintiffs pray for no less than $400,000.00 in damages from Defendants as a result of Defendants' wrongful conversion of Plaintiffs assets.

## AS AND FOR A FIFTH CAUSE OF ACTION TO PIERCE THE
## CORPORATE VEIL AGAINST DEFENDANT BUTLER

62. Plaintiffs repeat, reiterate and reallege the allegations set forth in paragraphs 1 through 61 of the within complaint as if set forth fully herein.

63. Defendant BUTLER engaged in a scheme or plan to defraud Plaintiffs out of $400,000.00 by promising to sell SpongeTech and Vanity stock, which he never intended to deliver.

64. Upon information and belief, as part of this scheme or plan, Defendant BUTLER used his corporation, Defendant MSB GROUP, to serve as a conduit for the sale of SpongeTech and Vanity stock.

65. Upon information and belief, Defendant BUTLER used Defendant MSB GROUP as his alter ego.

66. Upon information and belief, Defendant BUTLER comingled his personal funds with those of Defendant MSB GROUP.

67. Defendant Butler used his domination and control of Defendant MSB to commit a fraud or wrong against Plaintiffs.

68. As a result of the foregoing, Plaintiffs were injured by Defendant BUTLER's misuse of the corporate form in the amount of $400,000.00.

69. Plaintiffs pray for damages in the amount of no less than $400,000.00 as a result of Defendant BUTLER's misuse of the corporate form.

WHEREFORE, Plaintiffs demand judgment as follows:

Damages sustained as a result of Defendants' unlawful actions, together with interest thereon, in an amount to be proven at trial, but, in any event, in an amount no less than $400,000.00;

Reasonable costs, including attorneys' fees;

Such other relief as the Court may deem equitable, just and proper.

8

Dated:   New York, New York
         August 29, 2010

Yours, etc.

Scott L. Fenstermaker, Esq.

THE LAW OFFICES OF
   SCOTT L. FENSTERMAKER, P.C.
100 Park Avenue, 16th Floor
New York, New York 10017
(212) 302-0201 (o)
(917) 817-9001 (c)
(212) 302-0327 (f)

Defendant's address:

Marcus S. Butler
801 Downing Street
Teaneck, New Jersey 07666

MSB Group, Incorporated
801 Downing Street
Teaneck, New Jersey 07666

9

# EXHIBIT A

**Scott Fenstermaker**

| | |
|---|---|
| **From:** | Solomon Sharbat [ssharbat@yahoo.com] |
| **Sent:** | Thursday, May 13, 2010 4:28 PM |
| **To:** | scott fenstermaker |
| **Subject:** | Fw: Update investment |

----- Forwarded Message ----
**From:** Marcus S. Butler <marcusbutler07@gmail.com>
**To:** Sol Sharbat <ssharbat@yahoo.com>
**Sent:** Tue, August 25, 2009 3:59:18 PM
**Subject:** Update investment

Solomon;

You are to receive the 550k once the stock is sold - and you will receive an additional 50k to cover part of your loss of getting the money today from Michael.

Please e-mail me the fed ref # asap so I could confirm it with my bank.

Marcus S. Butler
201.220.0031

Sent via BlackBerry by AT&T

1

UNITED STATES DISTRICT COURT                                                 Case Number
SOUTHERN DISTRICT OF NEW YORK

---

SOLOMON SHARBAT AND
   SOLOMON CAPITAL, LLC,

               Plaintiffs,

     -AGAINST-

MARCUS S. BUTLER AND
   MSB GROUP INCORPORATED,

               Defendants.

---

**COMPLAINT**

The Law Offices of Scott L. Fenstermaker, P.C.
Attorney for the Plaintiffs

Office and Post Office Address
100 Park Avenue, 16th Floor
New York, New York 10017
(212) 302-0201 (Phone)
(917) 817-9001 (Cell)
(212) 302-0327 (Facsimile)