UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SOLOMON SHARBAT,
SOLOMON CAPITAL, LLC,
SOLOMON CAPITAL 401(k) TRUST,
SOLOMON SHARBAT, as Trustee of the
SOLOMON CAPITAL 401(k) TRUST,

No.1 0 CV 6455 (SAS)

**ANSWER,
AFFIRMATIVE DEFENSES
AND JURY DEMAND**

                        Plaintiffs,

    -against-

MARCUS S. BUTLER and
MSB GROUP INCORPORATED,

                        Defendants.
-----------------------------------------------------------X

      Defendants, Marcus S. Butler and MSB Group, Incorporated ("MSB," and, together with Mr. Butler, "Defendants"), by and through their undersigned counsel, Meister Seelig & Fein LLP, as and for their answer to the Amended Complaint of the plaintiffs Solomon Sharbat ("Sharbat"); Solomon Capital, LLC ("Solomon LLC"); Solomon Capital 401(K) Trust (the "Solomon Trust"); and Solomon Sharbat, as Trustee of the Solomon Capital 401(K) Trust (the "Trustee", and with Sharbat, Solomon LLC, the Solomon Trust, collectively, "Plaintiffs"), in the within action, hereby state as follows:

      1.    Defendants deny knowledge or information as to the allegations contained in Paragraph 1 of the Amended Complaint.

      2.    Defendants deny knowledge or information as to the allegations contained in Paragraph 2 of the Amended Complaint.

      3.    Defendants deny knowledge or information as to the allegations contained in Paragraph 3 of the Amended Complaint.

4. Defendants deny knowledge or information as to the allegations contained in Paragraph 4 of the Amended Complaint.

5. Defendants deny knowledge or information as to the allegations contained in Paragraph 5 of the Amended Complaint.

6. Defendants deny knowledge or information as to the allegations contained in Paragraph 6 of the Amended Complaint.

7. Defendants deny knowledge or information as to the allegations contained in Paragraph 7 of the Amended Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Amended Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Amended Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Amended Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Amended Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Amended Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Amended Complaint, except admit that Mr. Butler is the sole shareholder of Defendant MSB.

14. Defendants deny the allegations contained in Paragraph 14 of the Amended Complaint, except admit that at all relevant times Mr. Butler was acting solely in his capacity as an agent for MSB.

15. Defendants deny the allegations contained in Paragraph 15 of the Amended Complaint, except admit that MSB entered into an agreement with Plaintiff Sharbat pursuant to which MSB would arrange for the sale to Sharbat, or to his designee(s), of shares of SpongeTech Delivery Systems, Inc. ("SpongeTech") with a value of $400,000 and shares of Vanity Events Holding, Inc. ("Vanity") with a value of $200,000.

16. Defendants admit the allegations contained in Paragraph 16 of the Amended Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Amended Complaint, except admit that MSB agreed to cause the shares of SpongeTech and Vanity to be delivered to Sharbat or his designee(s).

18. Defendants deny the allegations contained in Paragraph 18 of the Amended Complaint.

19. Defendants admit the allegations contained in Paragraph 19 of the Amended Complaint.

20. Defendants deny knowledge or information as to the allegations contained in Paragraph 20 of the Amended Complaint.

21. Defendants deny knowledge or information as to the allegations contained in Paragraph 21 of the Amended Complaint.

22. Defendants deny knowledge or information as to the allegations contained in Paragraph 22 of the Amended Complaint.

23. Defendants deny knowledge or information as to the allegations contained in Paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Amended Complaint.

25. In response to the allegations contained in Paragraph 25 of the Amended Complaint, Defendants admit that they never paid Hartstein directly, deny that they had any obligation to pay Hartstein and further state, upon information and belief, that Hartstein received shares from the shares transferred to Sharbat or his designee(s) in full payment of any fee due to Hartstein from Plaintiffs in connection with the transaction at issue.

26. Defendants deny the allegations contained in Paragraph 26 of the Amended Complaint, except state that, upon information and belief, Hartstein received shares from the shares transferred to Sharbat or his designee(s) in full payment of any fee due to Hartstein from Plaintiffs in connection with the transaction at issue.

27. Defendants deny the allegations contained in Paragraph 27 of the Amended Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Amended Complaint except admit that MSB transferred shares of Vanity and SpongeTech to Sharbat and/or his designee(s) in full satisfaction of any and all obligations to Plaintiffs.

29. Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Amended Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Amended Complaint.

33. In response to the allegations contained in Paragraph 33 of the Amended Complaint, Defendants repeat and refer to their responses to the preceding paragraphs of the Amended Complaint as if set forth fully at length herein.

34. Defendants deny the allegations contained in Paragraph 34 of the Amended Complaint except admit that on or about August 25, 20009, MSB entered into an agreement with Sharbat.

35. Defendants deny the allegations contained in Paragraph 35 of the Amended Complaint except admit that MSB received $600,000 from Sharbat, or on Sharbat's behalf, in connection with the transaction contemplated by MSB and Sharbat.

36. Defendants deny the allegations contained in Paragraph 36 of the Amended Complaint, except admit that MSB agreed to transfer to Sharbat or to his designee(s) SpongeTech and Vanity stock with a combined market value of $600,000 at the time of the transfer.

37. Defendants deny the allegations contained in Paragraph 37 of the Amended Complaint, except admit that MSB received $600,000 from or on behalf of Sharbat.

38. Defendants deny the allegations contained in Paragraph 38 of the Amended Complaint, to the extent those allegations purport to limit to $200,000 the market value, on the date of transfer, of the stock transferred by MSB to Sharbat and/or his designees.

39. Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Amended Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Amended Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Amended Complaint.

43. In response to the allegations contained in Paragraph 43 of the Amended Complaint, Defendants repeat and refer to their responses to the preceding paragraphs of the Amended Complaint as if set forth fully at length herein.

44. Defendants deny the allegations contained in Paragraph 44 of the Amended Complaint except admit that MSB received $600,000 from or on behalf of Sharbat.

45. Defendants deny the allegations contained in Paragraph 45 of the Amended Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Amended Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Amended Complaint, to the extent that those allegations purport to limit to $200,000 the market value, on the date of transfer, of the stock transferred by MSB to Sharbat and/or his designees

49. Defendants deny the allegations contained in Paragraph 49 of the Amended Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint.

52. In response to the allegations contained in Paragraph 52 of the Amended Complaint Defendants admit that in the within action Plaintiffs have demanded judgment against Defendants, and Defendants deny any liability to Plaintiffs.

53. In response to the allegations contained in Paragraph 53 of the Amended Complaint Defendants admit that in the within action Plaintiffs have demanded judgment against Defendants, and Defendants deny any liability to Plaintiffs.

54. In response to the allegations contained in Paragraph 54 of the Amended Complaint, Defendants repeat and refer to their responses to the preceding paragraphs of the Amended Complaint as if set forth fully at length herein.

55. Defendants deny knowledge or information as to the allegations contained in Paragraph 55 of the Amended Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Amended Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Amended Complaint.

58. Defendants deny knowledge or information as to the allegations contained in Paragraph 58 of the Amended Complaint, except state that, upon information and belief, Hartstein received shares from the shares transferred to Sharbat or his designee(s) in full payment of any fee due to Hartstein from Plaintiffs in connection with the transaction at issue.

59. Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Amended Complaint.

61. In response to the allegations contained in Paragraph 61 of the Amended Complaint Defendants admit that in the within action Plaintiffs have demanded judgment against Defendants, and Defendants deny any liability to Plaintiffs.

62. In response to the allegations contained in Paragraph 62 of the Amended Complaint Defendants admit that in the within action Plaintiffs have demanded judgment against Defendants, and Defendants deny any liability to Plaintiffs.

63. In response to the allegations contained in Paragraph 63 of the Amended Complaint, Defendants repeat and refer to their responses to the preceding paragraphs of the Amended Complaint as if set forth fully at length herein.

64. Defendants deny the allegations contained in Paragraph 64 of the Amended Complaint, except admit that MSB entered into an agreement with Plaintiff Sharbat pursuant to which MSB would arrange for the sale to Sharbat, or to his designee(s), of shares of SpongeTech and Vanity with a market value on the transfer date of $600,000.

65. Defendants deny the allegations contained in Paragraph 65 of the Amended Complaint, except admit that MSB entered into an agreement with Plaintiff Sharbat pursuant to which MSB would arrange for the sale to Sharbat, or to his designee(s), of shares of SpongeTech and Vanity with a market value on the transfer date of $600,000.

66. Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint, except admit that MSB received $600,000 from or on behalf of Sharbat.

67. Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint, to the extent those allegations purport to limit to $200,000 the market value, on the date of transfer, of the stock transferred by MSB to Sharbat and/or his designees.

68. Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Amended Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Amended Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the Amended Complaint.

72. In response to the allegations contained in Paragraph 72 of the Amended Complaint Defendants admit that in the within action Plaintiffs have demanded judgment against Defendants, and Defendants deny any liability to Plaintiffs.

73. In response to the allegations contained in Paragraph 73 of the Amended Complaint, Defendants repeat and refer to their responses to the preceding paragraphs of the Amended Complaint as if set forth fully at length herein.

74. Defendants deny the allegations contained in Paragraph 74 of the Amended Complaint, except admit that MSB received $600,000 from or on behalf of Sharbat.

75. Defendants deny the allegations contained in Paragraph 75 of the Amended Complaint, to the extent those allegations purport to limit to $200,000 the market value, on the date of transfer, of the stock transferred by MSB to Sharbat and/or his designees.

76. Defendants deny the allegations contained in Paragraph 76 of the Amended Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Amended Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the Amended Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Amended Complaint.

80. In response to the allegations contained in Paragraph 72 of the Amended Complaint Defendants admit that in the within action Plaintiffs have demanded judgment against Defendants, and Defendants deny any liability to Plaintiffs.

81. In response to the allegations contained in Paragraph 81 of the Amended Complaint, Defendants repeat and refer to their responses to the preceding paragraphs of the Amended Complaint as if set forth fully at length herein.

82. Defendants deny the allegations contained in Paragraph 82 of the Amended Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Amended Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Amended Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Amended Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Amended Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Amended Complaint.

88. In response to the allegations contained in Paragraph 88 of the Amended Complaint Defendants admit that in the within action Plaintiffs have demanded judgment against Defendants, and Defendants deny any liability to Plaintiffs.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

1. Plaintiffs' Amended Complaint fails to state a cause of action upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

2. Plaintiffs' Amended Complaint fails to allege and plead facts that plausibly support their claims.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

3. Plaintiffs' claims are barred because Defendants have no additional obligations under the agreement between MSB and Sharbat, in that MSB transferred to Sharbat and/or his designee(s) SpongeTech and Vanity stock with a market value, on the date of the transfers, of $600,000.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiffs' claims against Mr. Butler are barred because they have no privity with Mr. Butler.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs Solomon Capital's, Solomon Trust's and the Trustee's claims against both Defendants are barred because there is and was no privity between them and either Defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred because Plaintiffs have suffered no compensable damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiffs' claims are claims are barred by the doctrine of accord and satisfaction..

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiffs' claims are barred because Plaintiffs have suffered no damages and/or any damages incurred by Plaintiffs were caused by Plaintiffs themselves or a third party.

WHEREFORE, Defendants demand judgment as follows:

(a) dismissing the Plaintiffs' Complaint in its entirety, with prejudice; and

(b) awarding the Defendants their costs, including reasonable attorneys' fees, together with such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Defendants hereby demand trial by jury as to all issues and claims so triable.

Dated: New York, New York
November 30, 2010

                         MEISTER SEELIG & FEIN LLP

                         By: /s/ Jeffrey Schreiber
                         Jeffrey Schreiber
                         js@msf-law.com
                         2 Grand Central Tower
                         140 East 45th Street, 19th Floor
                         New York, New York 10017
                         (212) 655-3500
                         *Attorneys for Defendants*