UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SOLOMON SHARBAT,  
SOLOMON CAPITAL, LLC,  
SOLOMON CAPITAL 401(k) TRUST,  
SOLOMON SHARBAT, as Trustee of the  
SOLOMON CAPITAL 401(k) TRUST,

                     Plaintiffs,

    -against-

MARCUS S. BUTLER and  
MSB GROUP INCORPORATED,

                     Defendants.
------------------------------------------------------------X

No. 1 0 CV 6455 (SAS)

**MEMORANDUM OF LAW IN SUPPPORT OF MOTION TO WITHDRAW AS COUNSEL**

Meister Seelig & Fein LLP (the "Firm") submits this memorandum of law in support of its motion to withdraw as counsel for defendants Marcus Butler and MSB Group Incorporated (collectively, "Defendants").

## STATEMENT OF FACTS

This action arises out of allegations by plaintiffs that Defendants did not honor an alleged contract to deliver to Defendants certain securities, as alleged in the complaint.

On November 2, 2010, the Defendants executed a retainer agreement (the "Retainer Agreement") pursuant to which they retained the Firm to appear on their behalf in this matter, which the Firm did, filing a Notice of Appearance on that same date. Pursuant to the Retainer Agreement, Defendants were obligated to make a payment to the Firm, to be held by the Firm as a retainer, and to pay the Firm's invoices as and when they were rendered and due.

As set forth in the accompanying Declaration of Jeffrey Schreiber, Esq. ("Schreiber Decl."), Defendants have not provided the retainer payment, nor have they paid the invoiced

amount due for services rendered in this matter, despite repeated assurances by Defendants that said payments would be immediately forthcoming. The Firm has repeatedly advised Defendants that if they failed to make the required payments, the Firm could not act as their counsel and would seek from this Court an Order authorizing their withdrawal as counsel.

In addition, the Firm has advised Defendants repeatedly of their obligations under the Scheduling Order entered by the Court, and, as set forth in the accompanying Schreiber Decl. Defendants have nevertheless failed to cooperate with the Firm in connection with providing the discovery documents required.

## ARGUMENT

### I.  THE MOTION SHOULD BE GRANTED

Local Rule 1.4 of the United States District Courts for the Southern and Eastern Districts of New York provides that leave to withdraw as counsel may granted "only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal … and the posture of the case, including its position, if any, on the calendar." (Local Civ. R. 1.4). "It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively." Terry v. Incorporated Village of Patchogue, 05 Civ. 3398, 2007 WL 2071557, at *3 (E.D.N.Y. July 16, 2007)(internal quotation omitted). Although the "non-payment of counsel fees alone will not entitle an attorney to withdraw," when non-payment is "combined with the client's failure to cooperate or where the client has rendered it unreasonably difficult for the firm to carry out its responsibilities, then the motion should be granted." Id. (internal quotation omitted).

Here, Defendants' repeated failure to cooperate with the Firm to enbable the Firm to comply with its professional obligations in connection with this Court's Scheduling Order has

2

rendered it impossible for the Firm to execute its responsibilities. Moreover, Defendants have ignored the Firm's request for payment of its legal fees and retainer, and, worse, have represented – repeatedly – that "the check is in the mail" only for the checks never to arrive. Id. In such situations, granting leave to withdraw as counsel is warranted. See Bio Hi-Tech Co., Ltd. v. Comax, Inc., 07 Civ. 2260, 2008 WL 3849554 (E.D.N.Y. Aug. 18, 2008)(clients failed to communicate with counsel, to cooperate with counsel to complete discovery, and to pay counsel); Terry, 2007 WL 2071557 (client failure to cooperate with counsel and to pay legal fees to counsel).

## CONCLUSION

For the reasons set forth above, the Firm's motion for leave to withdraw as counsel for Defendants is granted.

Dated: New York, New York
January 7, 2011

**MEISTER SEELIG & FEIN LLP**

_____/s/ Jeffrey Schreiber_____
Jeffrey Schreiber (JS-6182)
2 Grand Central Tower
140 East 45th Street, 19th Floor
New York, NY 10017
(212) 655-3500
*Attorneys for Defendants*

3

*3856-002 Doc #108*