UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SOLOMON SHARBAT,                                                                    No.1 0 CV 6455 (SAS)
SOLOMON CAPITAL, LLC,
SOLOMON CAPITAL 401(k) TRUST,
SOLOMON SHARBAT, as Trustee of the                                  **DECLARATION OF JEFFREY**
SOLOMON CAPITAL 401(k) TRUST,                                          **SCHREIBER, ESQ. IN SUPPORT**
                                                                                                   **OF MOTION TO WITHDRAW**
                        Plaintiffs,

      -against-

MARCUS S. BUTLER and
MSB GROUP INCORPORATED,

                       Defendants.
-------------------------------------------------------------X

      Jeffrey Schreiber, an attorney duly admitted to practice in the United States District Court for the Eastern District of New York, declares under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

      1.    I am a partner of the law firm of Meister Seelig & Fein LLP (the "Firm"), attorneys for the above-captioned defendants ("Defendants") in the above-captioned action. As such, I am familiar with the facts set forth below. I submit this declaration in support of Meister Seelig & Fein LLP's motion to withdraw as counsel for Defendants.

      2.    The bases for the Firm's motion are Defendants' failure to: pay the retainer payment and fees for services rendered required of Defendants pursuant to their retainer agreement with the Firm and the invoices rendered by the Firm; to cooperate with the Firm to enable the Firm to fulfill its professional obligations under this Court's Scheduling Order.

      3.

4. On or about November 2, 2010, the Defendants executed the Firm's retainer agreement ("Retainer Agreement") pursuant to which they were obligated to provide monies to be held as a retainer by the Firm.

5. Defendants, to date, have failed to deliver any of the retainer monies required under the Retainer Agreement.

6. Under the Retainer Agreement, Defendants were also obligated to pay for services rendered as the Firm delivered invoices for such services, when such invoices were due.  The Firm has delivered two invoices for services rendered, one dated November 12, 2010 and the other dated December 15, 2010. Under the terms of the Retainer Agreement, and as set forth in the invoices, payments of the amounts due under all invoices are due when the invoices are received.  Defendants have failed and refused to pay these invoices.  Worse, they have repeatedly represented to the me that "the check was in the mail," even going so far as offering specific dates on which their checks were supposedly sent, with no payments ever having been received by the Firm, despite their representations.  When confronted with that fact, Defendants have conceded that although they said the "check was in the mail," in fact, that was not true; that they had not sent any of the monies due to the Firm, neither the retainer monies nor the amounts due under their outstanding invoices.

7. In addition, the Firm has repeatedly advised Defendants of their obligations under this Court's Scheduling Order and the Rules.

8. Defendants have nevertheless failed to provide any of the required documents the Firm is obligated to produce to the plaintiffs (other than two emails).

9. The present status of this matter is that Defendants' have answered.  Their initial disclosures were due at the end of November, but the Firm has been unable to provide such

disclosures having not received cooperation in connection therewith from the Defendants.  There is a mediation scheduled for January 18.  Defendants' submission was due today, but due to Defendants' failure to cooperate with the Firm, the Firm was unable to prepare a submission.

10. There are no motions pending at this time.  The deadline to complete discovery is May 1, 2011.  A firm trial date has not been set.  The Firm respectfully requests that, should the Court grant the motion, then Defendants are provided with reasonable extension of any deadlines so that Defendants can retain other counsel, should they so choose.

**WHEREFORE**, it is respectfully requested that the Firm's motion for leave to withdraw as counsel for Defendants is granted.

Dated: New York, New York
      January 7, 2011

          /s/ Jeffrey Schreiber
Jeffrey Schreiber (JS-6182)
Meister Seelig & Fein LLP
2 Grand Central Tower
140 East 45th Street, 19th Floor
New York, NY  10017
(212) 655-3500
*Attorneys for Defendants*