UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SOLOMON SHARBAT,                                            :
   SOLOMON CAPITAL, LLC,                                    :  Case No. 10 CV 6455 (SAS)
   SOLOMON CAPITAL 401(k) TRUST,                            :
   SOLOMON SHARBAT, as Trustee of the                       :  **DECLARATION**
   SOLOMON CAPITAL 401(k) TRUST,                            :
                                                            :  28 U.S.C. §1746
                        Plaintiffs,                         :
                                                            :
         -against-                                          :
                                                            :
MARCUS S. BUTLER and                                        :
   MSB GROUP INCORPORATED,                                  :
                                                            :
                        Defendants.                         :
                                                            :
------------------------------------------------------------X

       Scott L. Fenstermaker, an attorney-at-law duly admitted to practice before the United States District Court for the Southern District of New York and the attorney of record for the plaintiffs herein, does hereby declare to be true under the penalties of perjury, pursuant to 28 U.S.C. §1746, the following:

       I am, as described in greater detail below, fully familiar with the facts of this case material to the instant motion and hereby move pursuant to Rule 55 of the Federal Rules of Civil Procedure for a default judgment in the amount of $460,000.00 and for attorneys' fees associated with the preparation of the instant motion for default judgment in the amount of $2,000.00.[1]

---

[1] The undersigned's fees for preparing the instant motion for default judgment exceed $2,000.00. However, it appears as though the Court has an informal limit on such fees of $2,000.00. As a result, the undersigned will limit the requested fees to $2,000.00.

All allegations contained herein, unless otherwise indicated, are based upon facts known personally by me to be true or upon information and good faith belief. The facts based upon information and belief will be so described. The sources of such facts and information are my review of the Court filings in this matter, my appearance at, and participation in, court appearances in this matter, my review of documents of an evidentiary nature, including those attached hereto as exhibits, and my communications with Marcus S. Butler in both his individual and representative capacities.

## I.   MOTION FOR A DEFAULT JUDGMENT

### A. Nature of Claims

Plaintiff Solomon Sharbat is an individual who is in the business of investing funds for profit. The other Plaintiffs are business entities controlled by Mr. Sharbat for the purpose of carrying on his investment activities. Defendant Marcus S. Butler is a New Jersey-based individual who, among other activities, brokers assorted investment transactions. Defendant MSB Group Incorporated is Mr. Butler's wholly-owned business venture through which he, among other things, brokers assorted investment transactions.

In or about August of 2009, Plaintiffs agreed to purchase, and Defendants agreed to sell, $600,000.00 worth of securities (the "Agreement"). On or about August 25, 2009 and August 26, 2009, Plaintiffs either directly or indirectly paid Defendants $600,000.00 in the form of two wire transfers, one in the amount of $380,000.00 and the other in the amount of $220,000.00. Defendants provided Plaintiffs with securities that were ultimately worth $200,000.00.

In order to secure financing for the Plaintiffs' obligations pursuant to the Agreement, Plaintiffs paid a third party, Moishe ("Michael") Hartstein, $60,000.00 to

advance $220,000.00 of the funds used to fund Plaintiffs' payment obligation under the Agreement. The Agreement also established Defendants' obligation to reimburse Plaintiffs for Plaintiffs' payment of Hartstein's $60,000.00 fee, and to guarantee Plaintiffs against loss on the ultimate sale of the securities that were the subject of the Agreement.[2]

Notwithstanding Plaintiffs' timely demand, Defendants never paid Hartstein's fee and failed to reimburse Plaintiffs for their $400,000.00 loss suffered as a result of Defendants' failure to deliver the extra $400,000.00 worth of securities above and beyond the $200,000.00 worth of securities Defendants delivered to Plaintiffs. As a result, Plaintiffs suffered $460,000.00 in damages as a result of Defendants' wrongful conduct.

### B. Statement of Subject Matter Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy exceeds $75,000. Plaintiff Solomon Sharbat is an individual and a resident of the State of New York. Plaintiff Solomon Capital, LLC is a limited liability company formed under the laws of the state of New York. Plaintiff Solomon Capital, LLC's principal place of business is New York. Plaintiff Solomon Capital 401(k) Trust is a qualified retirement trust organized under the laws of the State of New York. Plaintiff Solomon Capital 401(k) Trust's principal place of business is in New York. Plaintiff Solomon Sharbat serves as the trustee of the trust.

Upon information and belief, defendant Marcus S. Butler is an individual residing in Teaneck, New Jersey. Upon information and belief, defendant MSB Group Incorporated is a corporation organized under the laws of the State of New Jersey. Upon

---

[2] In return for Defendants' various contractual obligations, Plaintiffs agreed to split the profits from the sale of the securities evenly with Defendants.

information and belief, the principal place of business of Defendant MSB Group Incorporated is Teaneck, New Jersey.[3]

## C. Personal Jurisdiction

Upon information and belief, Defendants both actively and regularly solicit business in New York, New York. Defendants both actively solicited the business of Plaintiffs Sharbat, Solomon Capital, and Solomon Capital 401(k) Trust that is the subject of this Amended Complaint in New York, New York. *See* the attached April 16, 2011 Declaration of Solomon Sharbat. Upon information and belief, Defendant Butler is the sole owner of Defendant MSB Group Incorporated. In his capacity as owner of Defendant MSB Group Incorporated, Defendant Butler solicited Plaintiffs' business in the Southern District of New York, including the business that is the subject of this Amended Complaint.[4]

## D. Infancy or Incompetency

Defendant Butler is an adult male residing in the State of New Jersey and has corresponded with, and spoken with, the undersigned on a number of occasions in a clear and lucid fashion, to include pertinent responses to correspondence sent to his New Jersey address. He is clearly neither an infant nor an incompetent. Defendant MSB Group Incorporated is a corporation organized under the laws of the State of New Jersey and is wholly owned by Defendant Marcus S. Butler.

---

[3] In their answer to the amended complaint, filed on or about November 30, 2010, Defendants raised no objection to this Court's subject matter jurisdiction. Furthermore, Defendants never moved to dismiss alleging the Court's lack of subject matter jurisdiction.

[4] In their answer to the amended complaint, filed on or about November 30, 2010, Defendants raised no objection to this Court's personal jurisdiction. Furthermore, Defendants never moved to dismiss alleging the Court's lack of personal jurisdiction.

4

### E. Argument

#### 1. Motion for Default

The instant matter was filed on or about August 30, 2010. *See* Document Number 1 herein. An amended complaint was filed on or about September 16, 2010. *See* Document Number 6 herein. Defendants timely filed an answer to the amended complaint on or about November 30, 2010. *See* Document Number 15 herein. On or about January 7, 2011, Defendant's prior counsel filed a notice of motion to withdraw as Defendants' counsel, a supporting memorandum of law, and a declaration in support of their motion to withdraw. *See* Documents 17, 18, and 19 herein. On or about January 31, 2011, this Court issued an order granting Defendants' prior counsel's motion to withdraw. *See* Document Number 20 herein.

On or about February 21, 2011, the undersigned mailed a letter via certified mail, return receipt to Plaintiff Butler in both his individual and representative capacities. A copy of the undersigned's February 21, 2011 letter is attached hereto as Exhibit A. In the undersigned's February 21st letter, he provided Defendants with certain required discovery and urged them "to retain counsel as soon as possible, as [Plaintiff Sharbat] has directed [the undersigned] to seek legal remedies to redress your apparent unwillingness to proceed in the ordinary course of business in this litigation." Defendant Butler did not respond to the undersigned's February 21st letter in either his individual or representative capacities.

On or about March 22, 2011, the undersigned wrote to the Court seeking either a status conference to address Defendants' unwillingness to retain counsel, or to set a due date for the filing of a motion for default judgment. A copy of the undersigned's

March 22nd letter is attached hereto as Exhibit B. The Court granted the undersigned's letter motion on March 23, 2011 and set a conference date of April 1, 2011 at 4:00p.m. A copy of the Court's March 23rd order is attached hereto as Exhibit C. On March 23, 2011, the undersigned wrote a letter to Defendant Butler in both his individual and representative capacities and informed Defendant Butler that

> Judge Scheindlin granted my request for a conference in Solomon Sharbat's matter against you and your company. Enclosed is a copy of that order. The conference is scheduled for Friday, April 1, 2011 at 4:00 p.m. in 500 Pearl Street in Manhattan. Please let me know if you have any questions.

The undersigned mailed originals of this letter to Defendant Butler in his individual and representative capacities via certified mail, return receipt. A copy of the undersigned's March 23, 2011 letter to Defendant Butler is attached hereto as Exhibit D.

A conference was subsequently held before the Court on Friday, April 1, 2011 at 4:00p.m. Defendant Butler, who was ordered to appear in both his individual and representative capacities, failed to appear. During this conference, the Court set a motion schedule for the Plaintiffs' filing of a motion for a default judgment on or before Friday, April 22, 2011. This declaration is filed in support of that motion.

On or about Tuesday, April 5, 2011, Defendant Butler sent the undersigned an e-mail, which stated "Scott; I have been traveling for the past two weeks and I just received your letter from last week. I have retained new counsel and I will be having them reach out to you shortly." A copy of Mr. Butler's April 5th e-mail is attached hereto as Exhibit E. The undersigned responded to Mr. Butler's April 5th e-mail the same day by stating "Mr. Butler, Please forward this e-mail to your new counsel. On Friday, April 1st, the judge set a schedule for a motion for default judgment. Have new counsel contact

Case 1:10-cv-06455-SAS Document 28 Filed 04/23/11 Page 7 of 10

the Court and me immediately." A copy of the undersigned's April 5th e-mail is attached hereto as Exhibit F. Defendants' alleged new counsel has not contacted the undersigned.

On April 14, 2011, the undersigned e-mailed a letter to Defendant Butler in his individual and representative capacities. A copy of the undersigned's April 14th letter is attached hereto as Exhibit G. In the undersigned's April 14th letter, the undersigned again informed Mr. Butler of the Court's April 22nd due date for the motion for default judgment and the fact that "[s]hould the judge grant this motion, you and your company will have a federal judgment issued against you in the amount of $460,000.00." The undersigned concluded the letter by asking Mr. Butler to let him know if he had any questions.

On April 15, 2011 Mr. Butler left the undersigned a voicemail message asking him to call Mr. Butler. In addition, Mr. Butler sent the undersigned an e-mail stating "I left you a message – please call me when you have a chance to work out a settlement on this." A copy of Mr. Butler's April 15, 2011 e-mail is attached hereto as Exhibit H. Shortly after receiving Mr. Butler's e-mail, the undersigned spoke to Mr. Butler on the telephone and again informed him of the looming default judgment motion schedule and asked that Mr. Butler have his new counsel appear herein and that counsel seek a stay of the default motion schedule. The undersigned has not heard from Mr. Butler subsequent to that telephone conversation.

### 2. Damages

Attached hereto as Exhibit I is the August 2009 Bank of America bank statement of Defendant MSB Group Incorporated, along with a copy of a certification from the Bank of America attesting to the bank records' authenticity. Page 2 of 5 of

7

Defendant MSB Group Incorporated's bank statement reflects Defendant MSB Group Incorporated's receipt of a $380,000.00 wire transfer from Plaintiff Solomon 401(k) Trust on August 25, 2009 and a $220,000.00 wire transfer from Moishe Hartstein on August 26, 2009.[5]

Attached hereto as Exhibit J are copies of cashiers' checks drawn on MSB Group Incorporated's Bank of America account, along with an affidavit of the Bank of America's Custodian of Records. These records reflect that there were four cashiers' checks drawn on MSB Group Incorporated's business checking account shortly after Plaintiffs directly or indirectly wired $600,000.00 to MSB Group Incorporated. Cashier's check 1720236 was dated August 27, 2009 and made payable to Moshe Butler and drawn in the amount of $170,000.00. Cashier's check 1764129 was dated August 25, 2009 and made payable to Moshe Butler and drawn in the amount of $100,000.00. Cashier's check 1764130 was dated August 25, 2009 and made payable to Moshe Butler and drawn in the amount of $100,000.00. Finally, cashier's check 1764131 was dated August 25, 2009 and made payable to Moshe Butler and drawn in the amount of $100,000.00. Upon information and belief, Moshe Butler is an alias used by Defendant Marcus Butler (or Marcus Butler is an alias used by Moshe Butler). Hence, Defendant Marcus Butler and Moshe Butler is one-and-the-same individual.

Defendant Butler, in his individual and representative capacities, agreed to pay Hartstein's $60,000.00 fee, or otherwise reimburse Plaintiffs for their payment thereof. *See* April 16, 2011 Sharbat Declaration. In addition, Defendants agreed Plaintiffs' against loss. *See* Exhibit K. Defendants ultimately transferred securities to

---

[5] Mr. Hartstein agreed to assist in financing Plaintiffs' payment obligations under the securities purchase agreement. Mr. Hartstein's fee for his assistance was $60,000.00.

Plaintiffs that Plaintiffs ultimately sold for $200,000.00. As a result, Plaintiffs have been damaged in the amount of $460,000.00, $400,000.00 for the undelivered securities and $60,000.00 for the Plaintiffs' payment of Hartstein's fee. Judgment should be entered against Defendants in this amount.

## II. MOTION FOR ATTORNEYS' FEES

The undersigned expended 9 hours preparing the instant motion for default judgment. The undersigned's hourly rate for work done on Plaintiffs' matter is $315.00. Hence, the undersigned billed Plaintiffs $2,835.00 for work done on the instant motion. Because of the Court's apparent limit of $2,000.00 for attorneys' fees for a motion for default judgment, Plaintiffs request reimbursement of $2,000.00 attributable to attorneys' fees on the instant motion.

## III. RESERVATION OF DEFENDANT'S RIGHTS TO SUPPLEMENT THESE MOTIONS OR MAKE FURTHER MOTIONS

Plaintiff respectfully reserves the right to supplement these motions and to make further motions, including a motion seeking the production of the parties' laptop computer, should Defendant likewise refuse Plaintiff's demand for production of the laptop computer.

Declarant declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

WHEREFORE, the defendant requests that the Court grant the relief sought in the above motions, and for such other and further relief as to this Court may deem just and proper.

Dated: New York, New York
April 21, 2011

*/s/ Scott L. Fenstermaker*

Scott L. Fenstermaker, Esq.
Attorney for Plaintiffs

100 Park Avenue, 16th Floor
New York, New York 10017
(212) 302-0201 (Phone)
(917) 817-9001 (Cell)
(212) 302-0327 (Facsimile)

TO: Mr. Marcus S. Butler
801 Downing Street
Teaneck, New Jersey 07666

MSB Group, Incorporated
c/o Mr. Marcus S. Butler
801 Downing Street
Teaneck, New Jersey 07666

Clerk of the Court
United States District Court for the
    Southern District of New York
500 Pearl Street
New York, New York 10007

Chambers of the Honorable Shira A. Scheindlin
United States District Judge
United States District Court for the
    Southern District of New York
500 Pearl Street
New York, New York 10007